# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8369 | **DATE** | December 20, 2011 |
| **CASE TITLE** | Christopher Johnson (K-60891) v. John Garcia, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to make deductions in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Lawrence Correctional Center, and to issue summons for service of the complaint on Cook County Jail Officer Garcia (assigned to Division 11 in December 2009), Nurse Lock, and Dr. Davis. The U.S. Marshals Service is appointed to serve these Defendants. The other Defendants are dismissed. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The clerk shall send to Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

     Plaintiff Christopher Johnson, currently incarcerated at the Lawrence Correctional Center (inmate #K-60891), has filed this 42 U.S.C. § 1983 civil rights action about events that occurred at Cook County Jail in December 2009 while he was incarcerated there. Plaintiff alleges that, on December 24, 2009, while Plaintiff was housed in Division 11, Officer Garcia and four unknown officers (referred to as John Doe #1-4) beat Plaintiff. Lieutenant MacWeather stopped the beating and ordered that Plaintiff be taken to he health care unit, where Nurse Lock and Dr. Davis refused to treat Plaintiff's injuries. Plaintiff states that he was wrongfully disciplined for the incident and sentenced to several weeks in segregation. Plaintiff seeks to file his complaint *in forma pauperis* and for the appointment of counsel.

     Plaintiff's *in forma pauperis* ("IFP") application demonstrates that he is unable to prepay the $350 filing fee and the court grants his IFP motion and assesses an initial partial filing fee of $34.00. The trust fund officer at Plaintiff's place of confinement is authorized to deduct this amount from Plaintiff's prison trust fund account, when such funds are available, and forward it to the court. Thereafter, the trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for this filing fee obligation, and Lawrence Correctional Center officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

   The court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. Considering his allegations described above, Plaintiff has stated colorable claims against Officer Garcia, Nurse Lock, Dr. Davis, and the four John Doe officers. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (addressing the elements of an excessive force claim); *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006) (discussing the elements of a claim of deliberate indifference to a serious medical need). However, Plaintiff does not state that Lieutenant MacWeather participated in the beating or was deliberately indifferent with getting medical attention for Plaintiff. Additionally, Plaintiff names Tom Dart and Salvador Godinez as Defendants; however, Plaintiff does not state how they were involved, and it appears that they are named solely for the superviosry positions at the jail. *Chavez v. Ill. State Police*, 251 F.3d 612, 651-52 (7th Cir. 2001) (there is no vicarious liability under § 1983, and a defendant must have been personally involved in the alleged constitutional violations). Accordingly, McWeather, Dart, and Godinez are dismissed.

   The clerk shall issue summonses for service of the complaint on Cook County Jail Officer Garcia (who worked in Division 11 on December 24, 2009), Nurse Lock, and Dr. Davis. No summonses for service of the four unknown officers will issue until their identities are known, which Plaintiff will have to learn from one of the named Defendants, once an attorney enters an appearance for them.

   The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete for service will be sent by the Marshal. Plaintiff's failure to return such forms may result in the dismissal of claims against unserved Defendants. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, Cook County Jail or Cermak officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshal shall then attempt personal service.

   Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

   Plaintiff's motion for the appointment of counsel is denied without prejudice. The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

*/s/ James F. Holderman*